IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE ONDIEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) 2:21-cv-00233 |
| v. | ) |
| | ) |
| ALEJANDRO MAYORKAS, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

On February 17, 2021, Plaintiff Caroline Ondiek filed a Complaint against Department of Homeland Security Secretary Alejandro Mayorkas in his representative capacity and against the following United States Citizenship and Immigration Services (USCIS) officials in their representative capacities: Tracy Renaud, the Senior Official Performing the Duties of the Director of USCIS; Andrea Kao, the now former Acting Director of the Pittsburgh Field Office of USCIS[1]; and Justin Apperson, an Officer of USCIS with delegated authority to conduct naturalization interviews. (ECF No. 1.) She seeks relief in this Court for what she says is an unjustified delay in the resolution of her naturalization application.

The Government filed a Motion to Remand this matter to USCIS for a determination on Plaintiff's application, and Plaintiff responded in opposition to that motion. (ECF Nos. 9, 10, 12.) The Court ordered the Government to file both a reply to Plaintiff's response in opposition and an Answer to the merits of her Complaint. (ECF No. 13.) Defendants filed a Reply, to which they

---

[1] Defendants' Answer reports that Defendant Kao no longer serves in that position, and that the current Field Office Director of USCIS is Steven Rice. (ECF No. 17, at 1 n.1.)

attached a copy of a "Notice of Intent to Deny" Plaintiff's application sent to Plaintiff by USCIS on May 3, 2021. (ECF Nos. 14, 14-1.) Defendants did not file an Answer to Plaintiff's Complaint, as ordered. Accordingly, the Court ordered Defendants to show cause why the factual averments in that Complaint should not be deemed admitted and why judgment should not issue in Plaintiff's favor. (ECF No. 15.) Defendants responded by filing the required Answer on the merits of Plaintiff's Complaint. (ECF No. 16.) Defendants also filed a response to the Court's show cause order, representing that the omission of an Answer was unintentional and inadvertent. (ECF No. 17.) The Court accepted this response, vacated the show cause order, and ordered the formal Answer docketed without prejudice to any party. (ECF No. 18.) Defendants' Motion to Remand is now ripe for determination.

This dispute arises from USCIS's delay in processing Plaintiff's naturalization application. Plaintiff alleges that she applied *pro se* for naturalization on a form N-400 on December 2, 2019.[2] (ECF No. 1, at 4.) Plaintiff then appeared for "biometric capture" as required by USCIS on December 27, 2019, and also appeared for and passed an English and civics exam conducted by Defendant Apperson on March 12, 2020. (ECF No. 1-2, at 3–6.) Plaintiff alleges that when she arrived for that English and civics interview, Defendant Apperson interrogated her about the identity of the person who had dropped her off, informed Plaintiff that Apperson was a former military investigator, and asked her to admit that her marriage to her husband was fraudulent. (ECF No. 1, at 4.) Plaintiff alleges that when she refused to make that admission, Apperson terminated the interview and handed her a "Naturalization Interview Results" form (an "N-652 form") that stated she had passed. (ECF Nos. 1, at 4; 1-2, at 5–7.)

---

[2] Defendants assert in their Answer that Plaintiff applied slightly earlier, on November 27, 2019. (ECF No. 17 ¶ 6.) Regardless, Plaintiff submitted her naturalization application at some point in late November or early December 2019.

Plaintiff now alleges that although Apperson told her that he would need to do an investigation before deciding her naturalization application, neither she nor her husband have heard anything from Apperson or anyone else at USCIS since March 12, 2020. In January 2021, Plaintiff's counsel wrote to Defendant Kao detailing the allegations in the Complaint, requesting that she take action on Plaintiff's application within 21 days of her receipt of the letter, and notifying Kao that Plaintiff would name USCIS as Defendant in a lawsuit in a federal District Court if no such action was taken. (ECF No. 1-2, at 13–15.)

The Immigration and Nationality Act (INA) requires that the Attorney General designate employees to conduct examinations upon applications for naturalization, and states that "the employee designated to conduct any such examination shall make a determination as to whether the application should be granted or denied." 8 U.S.C. § 1446(a)–(c).

Under 8 U.S.C. § 1447(b), if there is a failure to make a determination as required under § 1446 "before the end of the 120-day period after the date on which the examination is conducted", an applicant may "apply to the United States district court for the district in which the application resides for a hearing on the matter." 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Courts in our Circuit have determined that the term "examination" in Section 1446(b) is defined as the date on which a naturalization test and interview is conducted. *See El Doour v. Cherthoff,* 417 F. Supp. 2d 679 (W.D. Pa. 2005); *Asfour v. Napolitano*, 732 F. Supp. 2d 512 (E.D. Pa. 2010). The Government's motion to remand stipulates that, for this motion, the relevant "examination" is indeed the examination conducted on March 12, 2020. (ECF No. 10, at 3.)

Plaintiff alleges that all procedures for naturalization applications as set forth at 8 U.S.C. §§ 1445, 1446, and 1447, have been completed, that Plaintiff took and passed her civics and English exam on March 12, 2020, and that no decision was rendered within 120 days of that exam. (ECF No. 1 ¶ 25.) Plaintiff therefore invokes the Court's jurisdiction under 8 U.S.C. § 1447(b) and requests that the Court conduct an evidentiary hearing on Defendants' failure to adjudicate Plaintiff's naturalization application within 120 days of March 12, 2020, and that the Court authorize discovery and require Defendants to turn over to Plaintiff all records relative to both of her applications for naturalization. In the alternative, Plaintiff asks that if the Court finds it necessary to remand the case to USCIS, that it do so with directions to conduct an immediate adjudication of Plaintiff's pending application and that the Court retain supervisory jurisdiction over the case in the event that USCIS fails to act as the Court directs. (ECF No. 1, at 11 ¶ 3.)

Defendants' Motion to Remand represents that Defendants agree that Plaintiff filed the instant N-400 application for naturalization, that she appeared for biometric capture, and that she also passed her English and Civics Exam and appeared for her naturalization interview on March 12, 2020. (ECF No. 10, at 2.) Defendants therefore do not contest the propriety of Plaintiff's invocation of the Court's jurisdiction under § 1447(b). Instead, Defendants stipulate that "assuming, for the purposes of the motion only," that the word "examination" in the statute refers to the March 2020 interview, more than 120 days have passed since that examination and Plaintiff has properly invoked Section 1447(b). (ECF No. 10, at 3.)

Even so, through their Motion to Remand, Defendants request that the Court exercise its discretion under § 1447(b) to remand this matter to the USCIS to complete its adjudication. (ECF Nos. 9, 10.) Defendants maintain that the Court should remand this matter to USCIS for a decision

in the first instance and to create a record for any further review. Defendants generally invoke the principle that a court "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." (ECF No. 10, at 4) (citing *INS v. Ventura*, 527 U.S. 12, 16 (2002)).

First, the Court agrees with the parties that Plaintiff has appropriately invoked Section 1447(b). Courts have determined that "the INA's statutory language and USCIS's own regulations make it clear that Section 1447(b) is violated in situations where USCIS does not adjudicate applications within the defined 120-day period after examination." *Daraji v. Monica*, No. CIV.A. 07-1749, 2008 WL 183643, at *3 (E.D. Pa. Jan. 18, 2008). And Section 1447(b) "clearly grants subject matter jurisdiction 120 days after the date on which the examination is conducted if there is a failure to make a determination on the application." *Pena Grullon v. Barr*, No. 3:20-CV-0312, 2021 WL 743296, at *5 (M.D. Pa. Feb. 25, 2021). Because Defendants failed to make a decision on Plaintiff's naturalization application within 120 days of March 12, 2020, this Court has subject matter jurisdiction over Plaintiff's complaint.

However, the Court also agrees that USCIS generally remains the better adjudicator of a naturalization application in the first instance because of that agency's "expertise in naturalization matters." *Ventura*, 537 U.S. at 16-17. The facts detailed in the NOID indicate that this principle should apply to Plaintiff's specific naturalization application because the agency will likely need to exercise its expertise to determine how the facts as elicited into the record should be considered in the framework of the applicable legal standards. (ECF No. 14-1.)

But the Court also concludes that there should and must be no impediment to USCIS's swift resolution of Plaintiff's application given the delays that it has generated. As USCIS concedes, Plaintiff has completed all required components of that application. The agency

acknowledges that it has failed to make the requisite decisions relative to her naturalization within the required 120-day timeline, and it has provided the Court with no explanation or excuse for its 14-month delay in issuing a final decision on that application. But for what appears to be the rather complex factual and legal overlay present in this matter, that delay might well counsel against remand. But, conversely, given that overlay, on balance, the Court concludes (albeit reluctantly given USCIS's delay and the failure of the United States to somehow justify that delay) that such a remand is the more proper course, particularly since the Court will retain jurisdiction over these matters, and will order a prompt conduct and resolution of the proceedings on remand.

The Court also emphasizes that Plaintiff retains the right to seek *de novo* review of any denial of her application in this Court after first requesting a hearing with an immigration officer. Under 8 U.S.C. § 1421(c) a person whose application for naturalization is denied may, after a hearing before an immigration officer under 8 U.S.C. § 1447(a), seek review of that decision "before the United States district court for the district in which such person resides." *Id.* (providing that the Court shall make its own findings of fact and law "and shall, at the request of the petitioner, conduct a hearing de novo on the application"). Therefore, if USCIS does deny Plaintiff's application, at the appropriate procedural juncture, Plaintiff may seek *de novo* review of that denial in this Court.

So, although the Court will stay the case to allow USCIS to complete its determination on remand, the Court will not grant USCIS's proposed additional 120-day extension to do so. Instead, the timeline will be determined by the timing of the Plaintiff's response to the NOID, which USCIS reports that it issued to Plaintiff by mail on May 3, 2021. As required by 8 C.F.R. § 103.2(b)(16)(i), the agency must allow Plaintiff to respond to the NOID before making a final determination on her application. The relevant regulations provide Plaintiff with 33, rather than the usual 30, days

to respond to the NOID because it was mailed and not served to her in person. *See* 8 C.F.R. § 103.8(b). USCIS has also authorized an automatic 60-day extension to applicants' response time to an NOID. (ECF No. 10, at 5.) *See USCIS Extends Flexibility for Responding to Agency Requests*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/news/alerts/uscis-extends-flexibility-for-responding-to-agency-requests-4 (last modified March 24, 2021).  Including this automatic 60-day extension to Plaintiff's 33-day response timeline, the latest day on which Plaintiff could timely respond to the NOID is August 4, 2021. But she may well respond sooner.

The Court will therefore order that Defendants' Motion for Remand be granted without prejudice to the position of any party, and USCIS shall make a final determination on Plaintiff's application within 35 days after the earlier of (a) the date that Plaintiff responds to the NOID; or (b) August 4, 2021. In the meantime, the Court will order this case be stayed and administratively closed pending further proceedings, and this Court will maintain jurisdiction of this matter to engage in such further proceedings, and to enter such Orders, as may be permitted by law and which are otherwise just and proper.

Counsel shall confer and file a joint status report on the docket within ten (10) days of the issuance of the final naturalization determination of the USCIS pursuant to the Court's remand. An appropriate Order will issue.

Dated: June 4, 2021                                         s/ Mark R. Hornak

                                                                            Mark R. Hornak
                                                                            Chief United States District Judge

cc:     All counsel of record